FILED
2015 Apr-23  AM 08:55
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
(WESTERN DIVISION)

| | |
|---|---|
| KENNETH RICHARDSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action Number |
| ) | |
| EQUIFAX INFORMATION ) | |
| SERVICES, LLC; ) | _____ |
| EXPERIAN INFORMATION ) | |
| SOLUTIONS, INC; and ) | |
| TRANSUNION LLC, ) | |
| ) | |
| Defendants. ) | |

## COMPLAINT

COMES NOW the plaintiff, KENNETH RICHARDSON, by and through his undersigned counsel, and for his complaint alleges as follows:

## PRELIMINARY STATEMENT

1. This is an action for an actual, statutory and punitive damages, costs and attorneys' fees pursuant to 15 U.S.C. §1681, *et seq*. (Fair Credit Reporting Act).

2. Congress, when it enacted the FCRA in 1970, mandated the existence and use of reasonable procedures to assure the maximum accuracy of the personal and financial information compiled concerning consumers and sold to users by consumer reporting agencies ("CRAs").

1

3. On December 4, 2003, President George W. Bush signed into law the Fair and Accurate Credit Transactions Act ("FACTA").

> This legislation gives consumers unprecedented tools to fight identity theft and continued access to the most dynamic credit markets in the world. With ability to better protect themselves and their families.[1]

4. The stated purpose of FACTA is "to prevent identity theft, improve resolution of consumer disputes, improve the accuracy of consumer records, make improvements in the use of, and consumer access to, credit information, and for other purposes."[2]

5. Towards this end, Congress provided "powerful new tools" to consumers, including the right to dispute information due to fraud, obtain free credit reports due to identity theft and to the right to request the truncation of Social Security numbers on consumer disclosures (commonly referred to as credit reports).

6. FACTA also imposed additional duties on consumer reporting agencies to repair the damage done to identity theft victims' credit files by blocking information that is the result of identity theft.

7. Like identity theft, "mixed files" create a false description of a

---

[1] http://georgewbush-whitehouse.archives.gov/news/releases/2003/12/20031204-3.html as of March 6, 2015.

[2] Pub. L. No. 108-159 (2003) http://www.gpo.gov/fdsys/pkg/PLAW-108publ159/pdf/PLAW-108publ159.pdf as of March 6, 2015.

consumer's credit history.

8.    A "mixed file" occurs when information that relates to Consumer B appears in Consumer A's credit file.

9.    More recently, the New York Attorney General defined a mixed file as credit file information that is mixed with that of another consumer.[3]

10.   Mixed files are not a new phenomenon.  Defendants have been on notice of the existence of mixed files for at least thirty (30) years.  See Thompson v. San Antonio Retail Merchants Ass'n, 682 F.2d 509 (5th Cir. 1982).

11.   Mixed files occur despite consumers' unique personal identifying information, such as Social Security numbers.

12.   Further, mixed files result in the disclosure of a consumers' most personal identifying and financial information absent the consumer's knowledge or consent, or both.

13.   Mixed files also result in the debt collection harassment of innocent consumers because debt collectors use CRA databases to "skip trace" debtors and locate the alleged debtor's address and telephone number.

14.   The consumer reporting agency defendants in this case are aware of Federal Trade Commission and state attorney general enforcement actions concerning or related to mixed files.

---

[3] See http://www.ag.ny.gov/press-release/ag-schneiderman-announces-groundbreaking-consumer-protection-settlement-three-national Last visited April 22, 2015.

## JURISDICTION & VENUE

15. This Court has jurisdiction pursuant to 15 U.S.C. §1681p.

16. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b).

## PARTIES

17. Plaintiff Kenneth Richardson ("Plaintiff") is an adult individual resident of this judicial district. Plaintiff is a "consumer" as defined by 15 U.S.C. §1681a(c).

18. Defendant Equifax Information Services, LLC ("Equifax") is a Georgia corporation with its principal place of business in the state of Georgia. Equifax does business in this judicial district. Equifax is a nationwide consumer reporting agency ("CRA") as defined by 15 U.S.C. §1681a(f). Equifax regularly engages in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing "consumer reports" as defined by 15 U.S.C. §1681a(f) to third parties. Equifax disburses such consumer reports to third parties of contract for monetary compensation.

19. Defendant Experian Information Solutions, Inc. ("Experian") is an Ohio corporation with its principal place of business in the state of California. Experian does business in this judicial district. Experian is a nationwide consumer reporting agency ("CRA") as defined by 15 U.S.C. §1681a(f). Experian regularly

engages in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing "consumer reports" as defined by 15 U.S.C. §1681a(f) to third parties.  Experian disburses such consumer reports to third parties of contract for monetary compensation.

20. Defendant TransUnion LLC ("Trans Union") is a Delaware corporation with its principal place of business in the state of Illinois.  Trans Union does business in this judicial district. Trans Union is a nationwide consumer reporting agency ("CRA") as defined by 15 U.S.C. §1681a(f).  Trans Union regularly engages in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing "consumer reports" as defined by 15 U.S.C. §1681a(f) to third parties.  Trans Union disburses such consumer reports to third parties of contract for monetary compensation. Equifax, Experian and Trans Union are referred to collectively as "Defendants" throughout the complaint.

FACTUAL ALLEGATIONS

21. Defendants have been reporting the inaccurate and derogatory information relating to Plaintiff and Plaintiff's credit history to third parties (hereinafter the "false information").

22. The false information includes accounts that do not belong to Plaintiff.

23. The false information includes, but is not limited to, accounts with HSBC, Capital One and Best Buy. The information is false because the accounts do not belong to Plaintiff.

24. The balances, account ownership and payment history for the accounts described in the preceding paragraph are false because Plaintiff did not owe the aforementioned creditors for these balances because the accounts belonged to another consumer.

25. The false information was provided to persons other than Plaintiff.

26. The false information negatively reflects on Plaintiff's repayment history, financial responsibility as a debtor and credit worthiness.

27. Equifax prepared and issued credit reports concerning Plaintiff that include inaccurate information. Plaintiff notified Equifax that he disputed the accuracy of the information. Equifax continued to report inaccurate information. Equifax provided third parties plaintiff's credit report when a request was made for another person's consumer report. Plaintiff requested Equifax to redact the first five digits of his Social Security number on his consumer disclosure. Equifax failed to truncate Plaintiff's Social Security number on Plaintiff's consumer disclosure. Plaintiff asked Equifax to add a consumer statement to Plaintiff's credit file. Equifax failed to add a consumer statement to Plaintiff's credit file.

28. Experian prepared and issued credit reports concerning Plaintiff that

include inaccurate information. Plaintiff notified Experian that he disputed the accuracy of the information. Experian continued to report inaccurate information. Experian provided third parties plaintiff's credit report when a request was made for another person's consumer report. Plaintiff requested Experian to add a consumer statement to his file. Experian failed to add a consumer statement to Plaintiff's file.

29. Trans Union prepared and issued credit reports concerning Plaintiff that include inaccurate information. Plaintiff notified Trans Union that he disputed the accuracy of the information. Trans Union continued to report inaccurate information. Trans Union provided third parties plaintiff's credit report when a request was made for another person's consumer report.

30. As a result of Defendants' failure to comply with the requirements of the FCRA, Plaintiff suffered and continues to suffer actual damages, including economic loss, denial of credit, lost opportunity to receive credit, damage to reputation, reduction in credit score, invasion of privacy, emotional distress and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the jury.

COUNT ONE – VIOLATION OF THE FCRA
(against Equifax)
(Negligent Noncompliance with FCRA)

31. Plaintiff adopts and incorporates the above-numbered paragraphs as if fully stated herein.

32. Equifax negligently failed to comply with the requirements of the FCRA.

33. As a result of Equifax's failure to comply with the requirements of the FCRA, plaintiff has suffered and continues to suffer, actual damages, including economic loss, denial of credit, lost opportunity to receive credit, damage to reputation, invasion of privacy, emotional distress and interference with plaintiff's normal and usual activities for which plaintiff seeks damages in an amount to be determined by the jury.

34. Plaintiff requests fees pursuant to 15 U.S.C. §1681o(a).

COUNT TWO – VIOLATION OF THE FCRA
(Against Equifax)
(Willful Noncompliance with FCRA)

35. Plaintiff adopts and incorporates the above-numbered paragraphs as if fully stated herein.

36. Equifax willfully failed to comply with the requirements of the FCRA.

37. As a result of Equifax's failure to comply with the requirements of the FCRA, plaintiff has suffered and continues to suffer, actual damages, including economic loss, denial of credit, lost opportunity to receive credit, damage to

reputation, invasion of privacy, emotional distress and interference with plaintiff's normal and usual activities for which plaintiff seeks damages in an amount to be determined by the jury. Plaintiff also seeks punitive damages in an amount to be determined by the jury.

38. Plaintiff requests attorney fees pursuant to 15 U.S.C. §1681n(a).

### COUNT THREE – VIOLATION OF THE FCRA
(Against Experian)
(Negligent Noncompliance with the FCRA)

39. Plaintiff adopts and incorporates the above-numbered paragraphs as if fully stated herein.

40. Experian negligently failed to comply with the requirements of the FCRA.

41. As a result of Experian's failure to comply with the requirements of the FCRA, plaintiff has suffered and continues to suffer, actual damages, including economic loss, denial of credit, lost opportunity to receive credit, damage to reputation, invasion of privacy, emotional distress and interference with plaintiff's normal and usual activities for which plaintiff seeks damages in an amount to be determined by the jury.

42. Plaintiff requests fees pursuant to 15 U.S.C. §1681o(a).

### COUNT FOUR – VIOLATION OF THE FCRA
(Against Experian)
(Willful Noncompliance with the FCRA)

43. Plaintiff adopts and incorporates the above-numbered paragraphs as if fully stated herein.

44. Experian willfully failed to comply with the requirements of the FCRA.

45. As a result of Experian's failure to comply with the requirements of the FCRA, plaintiff has suffered and continues to suffer, actual damages, including economic loss, denial of credit, lost opportunity to receive credit, damage to reputation, invasion of privacy, emotional distress and interference with plaintiff's normal and usual activities for which plaintiff seeks damages in an amount to be determined by the jury. Plaintiff also seeks punitive damages in an amount to be determined by the jury.

46. Plaintiff requests attorney fees pursuant to 15 U.S.C. §1681n(a).

COUNT FIVE – VIOLATION OF THE FCRA
(Against Trans Union)
(Negligent Noncompliance with the FCRA)

47. Plaintiff adopts and incorporates the above-numbered paragraphs as if fully stated herein.

48. Trans Union negligently failed to comply with the requirements of the FCRA.

49. As a result of Trans Union's failure to comply with the requirements of the FCRA, plaintiff has suffered and continues to suffer, actual damages,

including economic loss, denial of credit, lost opportunity to receive credit, damage to reputation, invasion of privacy, emotional distress and interference with plaintiff's normal and usual activities for which plaintiff seeks damages in an amount to be determined by the jury.

50. Plaintiff requests fees pursuant to 15 U.S.C. §1681o(a).

### COUNT SIX – VIOLATION OF THE FCRA
(Against Trans Union)
(Willful Noncompliance with the FCRA)

51. Plaintiff adopts and incorporates the above-numbered paragraphs as if fully stated herein.

52. Trans Union willfully failed to comply with the requirements of the FCRA.

53. As a result of Trans Union's failure to comply with the requirements of the FCRA, plaintiff has suffered and continues to suffer, actual damages, including economic loss, denial of credit, lost opportunity to receive credit, damage to reputation, invasion of privacy, emotional distress and interference with plaintiff's normal and usual activities for which plaintiff seeks damages in an amount to be determined by the jury. Plaintiff also seeks punitive damages in an amount to be determined by the jury.

54. Plaintiff requests attorney fees pursuant to 15 U.S.C. §1681n(a).

55. Plaintiff requests a jury trial on all claims.

## PRAYER

Wherefore, Plaintiff prays for judgment against Defendants as follows:

On the First Claim for Relief:

1. Actual damages to be determined by the jury; and

2. Attorneys' fees and costs.

On the Second Claim for Relief:

1. Actual damages to be determined by the jury;

2. Punitive damages to be determined by the jury;

3. Statutory damages to be determined by the jury; and

4. Attorneys' fees and costs.

On the Third Claim for Relief:

1. Actual damages to be determined by the jury; and

2. Attorneys' fees and costs.

On the Fourth Claim for Relief:

1. Actual damages to be determined by the jury;

2. Punitive damages to be determined by the jury;

3. Statutory damages to be determined by the jury; and

4. Attorneys' fees and costs.

On the Fifth Claim for Relief:

1. Actual damages to be determined by the jury; and

2. Attorneys' fees and costs.

On the Sixth Claim for Relief:

1. Actual damages to be determined by the jury;

2. Punitive damages to be determined by the jury;

3. Statutory damages to be determined by the jury; and

4. Attorneys' fees and costs.

Respectfully submitted,

/s/ Micah S. Adkins
Micah S. Adkins (ASB-8639-I48A)
**THE ADKINS FIRM, P.C.**
301 19th Street North, Suite 581
The Kress Building
Birmingham, Alabama 35203
Telephone:  205.458.1204
Facsimile:  205.208.9632
Email:       MicahAdkins@ItsYourCreditReport.com
*Representing Plaintiff*